# IN THE COURT OF APPEALS OF IOWA

No. 20-1411
Filed February 3, 2021

**IN THE INTEREST OF D.P.,**
**Minor Child,**

**A.P., Father,**
 Appellant.
_____

  Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

  A father appeals the termination of his parental rights to his child. **AFFIRMED.**

  Misty White, Sigourney, for appellant father.

  Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

  Denise McKelvie Gonyea of McKelvie Law Office, Grinnell, attorney and guardian ad litem for minor child.

  Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2009.[1] He contends (1) the district court should have afforded him six additional months to work toward reunification and (2) termination was not in the child's best interests.

The department of human services learned that the child's step-father was a registered sex offender and he physically assaulted the child. The child described "a lot of physical discipline" in the home, attempts by the step-father "to touch her," and "being confined/locked in her bedroom."

The department implemented a safety plan under which the mother was to encourage the step-father to leave the home. The mother instead asked to have the child removed from her care. The child's father was not a viable placement option because he lived in a home for adults with disabilities that did not permit children. The child was placed in foster care, where she remained throughout the proceedings.

The district court adjudicated the child in need of assistance and eventually terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2020). That provision requires proof of several elements, including proof the child cannot be returned to the parent's custody. The father does not challenge the evidence supporting the ground for termination. As noted, he argues the district court should have granted him "an additional six months to show that he could resume custody and care of his child." *See In re*

---

[1] The court also terminated the mother's parental rights to the child, and she does not appeal.

*L.H.,* 949 N.W.2d 268, 272 (Iowa 2020) (stating a court may afford a parent an additional six months to work toward reunification) (citing Iowa Code § 232.104(2)(b)).  The district court acknowledged the father's request for additional time but declined to grant the request.  On our de novo review, we agree with the court's decision.

At the time of the termination hearing, the father remained in the same structured setting that disallowed children.  According to the department's case manager, he was told "from the very beginning" that his housing situation was a barrier to reunification.  Although the father made efforts to obtain independent housing, testified that he was "moving up very quickly on a couple of" housing lists, and expressed a belief that with "just . . . a little more time" he would be able to secure an apartment, he acknowledged he could not "say for certain" how long it would take.

The case manager testified the father's health conditions also posed an impediment to reunification.  In combination with his housing situation, she did not "feel like an additional six months would change that situation."  The child's foster mother similarly testified, "I don't feel it is in [the child's] best interest to go six more months not knowing what's going to happen in her life.  That's not fair to her."

We recognize the department had yet to secure an adoptive placement, raising doubts about its stated intent to move to permanency immediately.  That said, we agree the prospect of reunification with the father within six months was tenuous.  As the child's guardian ad litem stated, "[The father] is lacking the parental skills; the life skills; the financial skills; the transportation skills; and just the adulting skills, in general, to be able to take care of himself, let alone a pre-

teen and teenage daughter on his own. I just do not see that changing in the next six months." We conclude the district court appropriately declined to grant the father's request to defer termination of his parental rights for six months.

Termination must also serve the child's best interests. *See* Iowa Code § 232.116(2). The guardian ad litem agreed the father and child "love[d] each other" and were "bonded to one another." But, as noted, she did not believe the father possessed the "tools and skills" to care for a teenage child. The father acknowledged he was "still wrestling with" whether reunification was in the child's best interests. While he made commendable strides in stabilizing his life and he expressed a willingness to place his child's welfare first, we agree with the district court that termination was in the child's best interests.

We affirm the termination of the father's parental rights to his child.

**AFFIRMED.**